[Cite as *State v. Reynolds*, 2024-Ohio-1956.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0078 |
| TRECE REYNOLDS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court of Common Pleas, Case No CR2021-0189

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 21, 2024

APPEARANCES:

For Plaintiff-Appellee

MOLLY MARTIN
Assistant Prosecutor
27 North Fifth Street, Suite 2
Zanesville, OH 43701

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place S., Suite 100
Dublin, OH 43017

*Gwin, J.,*

{¶1}    This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by counsel for Defendant-appellant Trece Reynolds [Reynolds] after his convictions and sentences following negotiated guilty pleas in the Muskingum County Court of Common Pleas. The state has not filed a brief.

*Facts and Procedural History*

{¶2}    On April 8, 2021, the Muskingum County Grand Jury returned an Indictment charging Reynolds with,

Count 1:  Engaging in a Pattern of Corrupt Activity, with a Major Drug Offender specification, a felony of the first degree in violation of R.C. 2923.32(A)(1) / 2941.1410;

Count 28:  Trafficking in Drugs (Methamphetamine) in an amount equal to or exceeding 100 times the bulk amount, with a Major Drug Offender specification, a felony of the first degree in violation of R.C. 2929.03(A)(2)(C)(1)(f) / 2941.1410;

Count 29: Possession of Drugs (Methamphetamine) in an amount equal to or exceeding 100 times the bulk amount, with a Major Drug Offender specification, a felony of the first degree in violation of R.C. 2925.11(A) / (C)(1)(e) / 2941.141;

Count 30: Trafficking in Drugs (Fentanyl-related compound) in an amount equal to or exceeding 50 grams but less than 100 grams, with a Major Drug Offender specification, a felony of the first degree in violation of R.C. 2925.03(A)(2) / (C)(9)(h) / 2941.141; and

Count 31: Possession of Drugs (Fentanyl-related compound) in an amount equal to or exceeding 50 grams but less than 100 grams, with a Major Drug Offender specification, a felony of the first degree in violation of R.C. 2925.11(A) / (C)(11)(f) / 2941.141

{¶3} On July 12, 2021, the Criminal Rule 11(C) and (F) plea form signed by Reynolds, his attorney and the assistant prosecuting attorney was filed setting forth the terms for Reynolds to enter a negotiated guilty plea. In exchange for a plea, the state agreed to dismiss Counts 29 and 31 and the associated major drug offender specifications to each count. The state further agreed to amend Count 28 (Trafficking in Methamphetamine) and Count 30 (Trafficking in Fentanyl-related compound) to felonies of the third degree. Reynolds entered guilty pleas to Count 1, Engaging in Pattern of Corrupt Activity with a major drug offender specification, a felony of the first degree, Count 28 – Trafficking in Methamphetamine, a felony of the third degree and Count 30 - Trafficking in Fentanyl-related compound, a felony of the third degree.

{¶4} The trial judge conducted a change of plea hearing on July 12, 2021. The trial judge accepted Reynolds's guilty pleas and deferred the case for sentencing pending the completion of a pre-sentence investigation report (PSI).

{¶5} Prior to the sentencing hearing, Reynolds absconded for nearly two years. Sent. T., Sept. 25, 2023 at 4. At the time he was picked up, Reynolds had been charged with felonies in two different counties. Id. At sentencing, the state asked for a seventeen-year prison sentence, the maximum minimum sentence for the offenses to which Reynolds pled. Id. Reynolds's attorney explained that Reynolds was young but did agree to the facts as set forth by the state. The attorney then asked for the trial court to impose

a prison term closer to the eleven-year minimum. Id. at 6. The trial judge asked Reynolds if he had anything he would like to say. Reynolds declined to answer. Id. at 6.

{¶6} The trial judge stated he had reviewed Reynold's PSI report. Id. The judge noted that Reynolds had been on the run for almost two years and that he picked up new felony offenses involving firearms in multiple jurisdictions while absconding. Id. at 7. The trial judge then imposed a mandatory eleven-year prison term for Count One, Engaging in a Pattern of Corrupt Activity, with an indefinite sentence of sixteen and one-half years. The trial judge also imposed two thirty-six-month prison terms for Reynolds's third-degree felony convictions, concurrent to each other, but consecutive to Reynolds's prison term for Engaging in a Pattern of Corrupt Activity. Thus, Reynolds was sentenced to an aggregate sentence of fourteen years, eleven of which is mandatory, and an indefinite sentence of nineteen and one-half years. *Sentencing Entry*, filed Sept. 27, 2023 at 2.

{¶7} Reynolds's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### Standard of Review - *Anders v. California*

{¶8} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine

if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶9} On December 21, 2023, counsel for Reynolds filed a motion to withdraw pursuant to *Anders*, informing this Court that Reynolds was provided a copy of the appeal brief and relevant transcripts. We granted appellant's counsel leave to file the appellate brief instanter by Judgment Entry filed January 3, 2024. Appellant's *Anders* brief was filed on January 3, 2024. We informed Reynolds by Judgment Entry filed January 29, 2024 that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date, i.e. March 29, 2024, to file a pro se brief. *Judgement Entry*, filed Jan. 29, 2024. Reynolds has not filed a pro se brief.

{¶10} The record establishes that Reynolds's counsel satisfied *Anders* three requirements. Accordingly, we will proceed to review the proposed assignment of error to determine if any arguably meritorious issues exist, keeping in mind that, "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).

*Proposed Assignment of Error*

**{¶11}** Reynolds's attorney has set forth one Proposed Assignment of Error,

**{¶12}** "I. THE TRIAL COURT ERRED IN ACCEPTING REYNOLDS'S GUILTY PLEAS UNDER CRIM.R. 11, AND ERRED IN SENTENCING REYNOLDS."

**The Guilty Plea**

**{¶13}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475(1981), citing *State v. Stewart*, 51 Ohio St.2d 86(1977).

**{¶14}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

**{¶15}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26, (post-release control is a non-constitutional advisement).

{¶16}   For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108(1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, at ¶15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶15; *State v. Stewart*, 51 Ohio St.2d 86, 93(1977).

{¶17}   When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶9 (8th Dist.) *State v. Groves,* 2019 CA 00033, 2019-Ohio-5025, ¶7 (5th Dist.).

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist with respect to whether Reynolds's guilty plea was made knowingly, intelligently, and voluntarily.*

{¶18}   Evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979); *State v. Dennis*, 1997-Ohio-372. In the case at bar, we note a written plea of guilty form was signed by Reynolds and his attorney, and filed in the trial court. In addition, Reynolds acknowledged to the trial judge that he read the plea forms, and he reviewed the plea forms with his attorney. Plea T., July 12, 2021 at 4-5. The plea agreement was read on the record. Id. at 3-4. Reynolds acknowledged that he understood the plea forms. Id. at 5. The trial judge informed Reynolds that the

state reserved the right to make an argument at sentencing. Id. at 11-12. Reynolds assured the trial judge that he was satisfied with his attorney. Id. at 11.

{¶19} Reynolds told the trial judge that he understood the elements of the crimes and the specifications, and further that he would be subject to a mandatory prison sentence on Count 1 of eleven years with the possibility of an indefinite term of five and one-half years, making it a possible maximum sentence of sixteen and one-half years. Id. at 6. Reynold understood that the major drug offender specification required that eleven years of his sentence be mandatory time. Id.

{¶20} The trial judge explained to Reynolds his right to a jury trial. Plea T. at 12. The trial judge further explained Reynolds's right to the confrontation of witnesses against him; that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and that he cannot be compelled to testify against himself. Plea T. at 12-13. The judge also explained the maximum penalty involved, which included an advisement on non-life felony indefinite prison sentences and post-release control. Plea T. at 5-6; 8-9; 10-11. The judge informed Reynolds that he could impose the sentences consecutively or concurrently. Id. at 8-9.

{¶21} The record demonstrates the trial court very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial judge conducted a complete and thorough colloquy. Reynolds acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

**{¶22}**  The record supports a conclusion that the pleas were properly entered and accepted. The record in this case shows the trial court's compliance with Criminal Rule 11, and supports the trial court's determination that Reynolds's pleas were knowingly, intelligently, and voluntarily made.

**{¶23}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Reynolds's guilty pleas were made knowingly, intelligently, and voluntarily.

**Sentence**

**{¶24}**  Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." Id. It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Id. Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶25}** R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 2019-Ohio-4761, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 2020-Ohio-6729, ¶39; *State v. Toles*, 2021-Ohio-3531, ¶10.

**{¶26}** Though "a trial court is required to make the findings mandated by 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

**{¶27}** R.C. 2953.08(G) instructs appellate courts reviewing the imposition of consecutive sentences, as follows:

(2) The court hearing an appeal under [R.C. 2953.08(A), (B), or (C)] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court

abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)];

(b) That the sentence is otherwise contrary to law.

**Issue for appellate review:** *Whether the record reflects any arguably meritorious issues exist with respect to whether Reynolds's sentence is contrary to law.*

**{¶28}** A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell*, 2014-Ohio-3177, at ¶ 34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell*, 2014-Ohio-3177, at ¶ 30.

**{¶29}** In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**{¶30}** In the case at bar, the trial judge reviewed the pre-sentence investigation report. The trial judge found that Reynolds committed new felony offenses while he was on the run, awaiting sentencing in this case. Sent. T. Sept. 25, 2023 at 12. The judge further found that Reynolds committed multiple offenses and that the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the

offenses adequately reflect the seriousness in this case. Id. The judge found that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed by the public and that consecutive sentences are necessary to protect the public and punish Reynolds. Id.

{¶31} In finding that consecutive sentences are warranted in Reynolds's case, the trial judge referred to his earlier colloquy. Id. at 12. In that colloquy, the trial judge noted that Reynolds absconded prior to sentencing in this case, and committed new felony offenses in Franklin and Washington counties during that time.

{¶32} The trial judge's comments reflect a clear finding by him that "consecutive service is necessary to protect the public from future crime * * * and that consecutive sentences are not disproportionate to the seriousness of [Reynolds's] conduct and to the danger [he] poses to the public," R.C. 2929.14(C)(4). It is also a finding that Reynolds "committed one or more of the multiple offenses while [he] was awaiting trial or sentencing" and that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of [his] conduct," R.C. 2929.14(C)(4)(a) and (b). Moreover, the trial judge's detailed statement about Reynolds's criminal history evidences a finding that his "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by [him]," R.C. 2929.14(C)(4)(c). See, State v. Jones, 2024-Ohio-1083, ¶16.

**{¶33}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). The trial court made the findings necessary for the discretionary imposition of consecutive sentences under R.C. 2929.14(C)(4), and those findings were not clearly and convincingly unsupported by the record, R.C. 2953.08(G)(2). *Jones* at ¶17.

**{¶34}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Reynolds's sentence was contrary to law.

## Conclusion

**{¶35}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

**{¶36}** Attorney April Campbell's motion to withdraw as counsel for Appellant is hereby granted.

{¶37} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J.,

Baldwin, J., concur.