[Cite as *State v. Gallagher*, 2025-Ohio-533.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| THURMAN S. GALLAGHER, JR. | : | Case No. 2024CA0015 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Coshocton County
Court of Common Pleas, Case No.
2023 CR 0096

JUDGMENT:  Affirmed

DATE OF JUDGMENT:  February 19, 2025

APPEARANCES:

For Plaintiff-Appellee

CHRISHANA L. CARROLL
Assistant Prosecuting Attorney
318 Chestnut Street
Coshocton, Ohio 43812

For Defendant-Appellant

TODD W. BARSTOW
14 North Park Place
Newark, Ohio 43055

*Baldwin, P.J.*

{¶1} Appellant Thurman S. Gallagher, Jr. appeals the trial court's acceptance of his guilty plea on two counts of escape, as well as the sentence imposed by the trial court. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2} On October 18, 2023, the appellant, who was on post-release control after having been convicted of a third-degree felony involving the dissemination of harmful materials to juveniles and pandering obscenity involving a minor, met with his post-release control officer in his office at the courthouse to discuss possible parole violations arising from the appellant's cohabitation with a woman who had a seventeen-year-old daughter; the appellant had not obtained permission to do so, which was in violation of the terms of his post release control. While at said office in the courthouse, the appellant was arrested and handcuffed by his post-release control officer. The appellant fled the courthouse on foot, still handcuffed, and was subsequently found approximately twenty minutes later hiding in a stairwell.

{¶3} The appellant was indicted on November 17, 2023, on the following charges: Count One, Escape in violation of R.C. 2921.34(A)(1), a felony of the third degree; and, Count Two, Escape in violation of R.C. 2921.34(A)(3) and (C)(3), a felony of the fifth degree. On December 18, 2023, the appellant, through counsel, filed a Written Plea of Not Guilty by Reason of Insanity and Request for Evaluation, as well as a Motion for a Competency Evaluation and Report. On December 19, 2023, the trial court issued a Judgment Entry/Order Directing Evaluation of Defendant's Competence to Stand Trial.

The appellant underwent both a competency evaluation, and a not guilty by reason of insanity (NGRI) evaluation.

**{¶4}** On April 3, 2024, the appellant appeared with counsel for a hearing on the evaluations. His attorney stipulated to the examiner's qualifications, and agreed to submit the issue of the appellant's competency to the trial court based upon the information contained in the examiner's report. The examiner found that the appellant was competent to stand trial, and was able to assist counsel in his defense. The trial court concluded that the appellant was able to assist counsel in his defense, and was competent to stand trial.

**{¶5}** The parties thereafter entered into a plea agreement in which the appellant agreed to plead guilty to both counts, and the appellee agreed to take no position on sentencing and recommend that the sentences be served concurrently. On July 3, 2024, the trial court conducted a Change of Plea and Disposition hearing at which the appellant appeared with counsel to change his plea to guilty, and for sentencing. During the hearing, the appellant signed a Waiver of Trial by Jury form, as well as Plea of Guilty Count One and Plea of Guilty Count Two forms, and pleaded guilty to both charges of escape in open court. The trial court engaged in the requisite Crim.R. 11 colloquy, accepted the appellant's guilty pleas, and proceeded to sentencing. The trial court imposed a prison sentence of thirty (30) months on Count One, and eleven (11) months on Count Two, and ordered that they be served concurrently. The trial court also imposed the time remaining on the appellant's post-release control on the dissemination of harmful materials to juveniles and pandering obscenity involving a minor charges, which was 1,360 days, since the appellant was on post-release control for the same at the time he committed the Escape offenses.

**{¶6}** The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he sets forth the following potential assignment of error:

**{¶7}** THE TRIAL COURT ERRED IN ACCEPTING GALLAGHER'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING GALLAGHER. (T. 7/3/24; R. Judgment Entry 7/11/24).

## STANDARD OF REVIEW

**{¶8}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶9}** Attorney Todd W. Barstow, appellate counsel for the appellant, filed an *Anders* brief and moved to withdraw on October 7, 2024, informing this Court that he had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would

support an appeal. Attorney Barstow requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and further certified that he provided a copy of the Appellant's *Anders* Brief to the appellant. This Court informed the appellant in an October 10, 2024, Judgment Entry that the Court received notice he had been informed by his attorney that an *Anders* brief had been filed on his behalf, and that the appellant had been supplied with a copy thereof. In addition, the Judgment Entry granted the appellant sixty days from the date of the Entry to file a pro se brief in support of his appeal. The appellant has not filed a pro se brief.

{¶10} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders.* Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

**ANALYSIS**

{¶11} Appellate counsel submits, as a potential assignment of error, that the trial court erred in accepting the appellant's guilty plea under Crim.R. 11 and in sentencing the appellant. We disagree.

{¶12} Our review of the record supports the finding that the trial court complied with Crim.R. 11. The trial court engaged in a thorough colloquy with the appellant, advising him of the constitutional rights he was giving up by pleading guilty; informing him of maximum potential penalties, including the fact that by pleading guilty he was subject to a mandatory prison sentence; and, making sure that he understood the potential sentence, and that he was subject to the imposition of the remainder of his post-release control on the prior charges. The trial court also questioned the appellant to determine whether he was able to understand the plea and whether his plea was validly entered, and determined that the appellant understood the plea, that his plea was validly entered, and that he understood it. Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's plea of guilty to both counts of Escape.

{¶13} Nor did the trial court err in the sentence it imposed upon the appellant. Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, 2014 WL 2480615, ¶ 20. An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence

is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, 2016 WL 3573887, ¶ 7, citing R.C. 2953.08(G)(2).

**{¶14}** In the case sub judice, the appellant pleaded guilty to Count One, Escape in violation of R.C. 2921.34(A)(1), a felony of the third degree; and, Count Two, Escape in violation of R.C. 2921.34(A)(3) and (C)(3), a felony of the fifth degree. The potential sentence on Count One, the third degree felony, was a term of incarceration in a State Penal Institution of up to nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. The appellant received thirty months on Count One. The potential sentence on Count Two, the fifth degree felony, was a term of incarceration in a State Penal Institution of up to six, seven, eight, nine, ten, eleven, or twelve months. The appellant received eleven months on Count Two. Accordingly, the sentence imposed by the trial court - thirty (30) months on the third degree felony and eleven (11) months on the fifth degree felony - was within the statutory parameters. In addition, the trial court ordered that the sentences be served concurrently.

**{¶15}** Furthermore, with regard to the trial court's imposition of the time remaining on the appellant's post-release control from the previous felonies, R.C. 2929.141 states in pertinent part:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

Thus, the trial court's imposition of the 1,360 days that remained on the appellant's post-release control at the time he committed the Escape offenses was within statutory parameters, and the trial court did not err in imposing said remaining PCR time upon the appellant.

{¶16} The sentences imposed by the trial court on the charges to which the appellant pleaded guilty comply with the applicable sentencing statutes. The sentences were within the statutory sentencing parameters. There is no evidence contained in the record that the trial court imposed the sentences based upon impermissible

considerations, for example, considerations that fall outside those contained in R.C. 2929.11 and R.C. 2929.12. The record contains evidence supporting the trial court's findings based upon the applicable law. The trial court did not err in imposing sentence upon the appellant, and we find no basis for concluding that the trial court's decision is contrary to law. Accordingly, the trial court did not err with regard to the sentence it imposed upon the appellant.

## CONCLUSION

{¶17} Based upon the foregoing, after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Barstow's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Coshocton County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.