[Cite as *State v. Bell*, 2025-Ohio-1328.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| KODY BELL, | : | Case No. 24AP0009 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morgan County
Court of Common Pleas, Case No.
23-CR-0044

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 14, 2025

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MARK HOWDYSHELL      BRIAN W. BENBOW
Assistant Prosecuting Attorney      Benbow Law Offices LLC
Morgan County, Ohio      803 Taylor Street
109 E. Main Street      Zanesville, Ohio 43701
McConnelsville, Ohio 43756

*Baldwin, P.J.*

**{¶1}** Appellant Kody Bell appeals the sentence imposed by the trial court following his plea of guilty to seven counts of pandering obscenity involving a minor. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On August 16, 2023, the appellant was indicted on seven counts of Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1) and (C), felonies of the second degree. An arrest warrant was issued.

**{¶3}** On October 27, 2023, the appellant requested and was granted appointment of counsel. He was arraigned on November 28, 2023, at which time he pleaded not guilty. In addition, the appellant's counsel filed a Request for Notice of Intention to Use Evidence, a Request for Bill of Particulars, a Demand for Discovery, Defendant's Disclosure of Evidence, and a Motion to Preserve Evidence.

**{¶4}** The parties engaged in plea negotiations, and on February 29, 2024, the trial court issued a Journal Entry stating that "[d]efense counsel advised that a plea arrangement has been reached in this matter."

**{¶5}** The change of plea hearing proceeded on April 4, 2024, at which time the parties signed a Plea of Guilty, Waiver of Rights, and Notification form documenting the plea agreement in which the appellant withdrew his guilty plea and pleaded guilty to all seven counts of Pandering Obscenity Involving a Minor. The form set forth the constitutional rights the appellant agreed to waive, the potential prison sentence, the potential fines, and the applicable post-release control obligations. The form was signed by the appellant, as well as his counsel. In addition, the trial court engaged in the requisite

Crim.R. 11 colloquy before accepting the appellant's guilty plea. Further, the trial court issued a Sex Offender Registration Advisement and Entry finding the appellant a Tier III Sex Offender and documenting the fact that the court advised the appellant regarding the legal obligations of said designation. Finally, the trial court issued a Guilty Plea Entry on April 4, 2024, documenting the change of plea proceedings, including the parties' jointly recommended minimum prison sentence of six years on each count to be served concurrently and a maximum of nine years, as well as the parties' stipulation that the appellant be designated a Tier III sex offender registrant. The trial court ordered the preparation of a presentence investigation (PSI), and scheduled the matter for sentencing.

**{¶6}** The sentencing hearing proceeded on May 29, 2024, at which the trial court sentenced the appellant pursuant to the parties' joint recommendation; that is, a minimum term of six years in prison on each of the seven counts, to be served concurrently, with a maximum of nine years.

**{¶7}** The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he sets forth the following two potential assignments of error:

**{¶8}** "I. THE COURT ERRED IN IMPOSING A SENTENCE THAT WAS GROSSLY DISPROPORTIONATE TO APPELLANT'S CONDUCT AND NOT IN ACCORDANCE WITH STATUTES GOVERNING FELONY SENTENCING AND WHICH SENTENCE DEMONSTRATES A UNCESSARY [SIC] BURDEN ON STATE RESOURCES."

**{¶9}** "II. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO *STRICKLAND V. WASHINGTON* (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052."

## STANDARD OF REVIEW

**{¶10}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶11}** Attorney Brian W. Benbow, appellant's appellate counsel, filed an *Anders* brief on October 11, 2024, informing this Court that he had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Benbow requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal. He served a copy

of the Appellant's *Anders* Brief upon the appellant. Attorney Benbow subsequently filed a Motion to Withdraw, a copy of which he also served upon the appellant.

**{¶12}** This Court informed the appellant in an October 24, 2024, Judgment Entry that the Court received notice he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy. In addition, the appellant was granted sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant did not file a pro se brief.

**{¶13}** The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders.* Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

**{¶14}** The first potential assignment of error proffered by appellate counsel is that the trial court erred in imposing a sentence that was grossly disproportionate to the appellant's conduct, not in accordance with statutes governing felony sentencing, and

which demonstrates an unnecessary burden on State resources. However, counsel's evaluation of this potential assignment of error as not meritorious or persuasive is correct.

{¶15} The appellant entered into a plea agreement with the appellee in which he agreed to plead guilty to seven counts of Pandering Obscenity Involving a Minor, and the parties jointly recommended a minimum prison sentence of six years on each of the seven counts, to be served concurrently, up to a maximum of nine years. The trial court accepted the appellant's guilty plea and imposed the precise sentence that had been jointly recommended by the parties. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2929.14(A) and 2929.144 provide for an indefinite prison term of two to twelve years for a second degree felony; the appellant received six to nine years, which is within statutory parameters and therefore authorized by law. Furthermore, trial court imposed the very sentence that the parties had recommended. As such, the appellant's sentence is not subject to review, and appellate counsel is correct in that the first potential assignment of error is without merit.

{¶16} The second potential assignment of error proffered by appellate counsel is that the appellant's trial counsel was ineffective. Attorney Benbow's evaluation of this potential assignment of error as not meritorious or persuasive is also correct.

{¶17} The standard of review for claims of ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington,* 466 U.S. 668 (1984), and was discussed by this court in *Mansfield v. Studer,* 2012-Ohio-4840 (5th Dist.):

A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838 (1993); *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052(1984); *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.

*Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly

deferential." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

*Studer, supra,* at ¶¶ 58-61. Thus, in order to prevail on an ineffective assistance of counsel argument the appellant must establish two prongs: first, that his trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant; and second, that the appellant was prejudiced by such the alleged ineffectiveness.

**{¶18}** The record herein does not support an argument that the appellant's trial counsel was ineffective. There is no evidence that the performance of trial counsel fell below an objective standard of reasonable representation. Even if it had, there is no evidence that the appellant was prejudiced by any such alleged ineffectiveness, and appellate counsel correctly submits that the second potential assignment of error is also without merit.

**{¶19}** The appellant entered into a negotiated plea agreement with the appellee in which he agreed to plead guilty to the charges set forth in the indictment, and the parties jointly recommended a sentence. The trial court imposed the sentence that was jointly recommended by the parties, and which was within statutory sentencing parameters. Accordingly, this matter is not subject to appeal. Furthermore, the record does not support an argument that the appellant's trial counsel was ineffective.

## CONCLUSION

{¶20} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We find the appeal to be wholly frivolous under *Anders.* Attorney Benbow's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Morgan County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.