[Cite as *State v. Dunkle*, 2025-Ohio-2820.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| CHARLES DUNKLE, | : | Case No. CT2025-0010 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Criminal
                                Division, Case No. CR2024-0660

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               August 8, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

RON WELCH                               CHRIS BRIGDON
Muskingum County Prosecuting            8138 Somerset Road
  Attorney's Office                     Thornville, OH  43076
27 N. Fifth St., P.O. Box 189
Zanesville, OH  43702

*Montgomery, J.*

**{¶1}**   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney Chris Brigdon, appellate counsel for Defendant-Appellant, Charles Dunkle ("Appellant").  Appellant pled guilty to attempted tampering with evidence, a felony of the fourth degree under Ohio Revised Code 2923.02.  Appellant was convicted and sentenced to 17 months in prison, with credit for 117 days served, and was also ordered to pay court costs.  Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  For the reasons set forth below, we allow Attorney Brigdon to withdraw and find there are no nonfrivolous issues for appeal.

## BACKGROUND FACTS

**{¶2}**   On December 5, 2024, Defendant-Appellant (hereinafter "Appellant"), Charles E. Dunkle, appeared before the Muskingum County Court of Common Pleas, Criminal Division, Judge Cottrill, for a Change of Plea Hearing.  Appellant withdrew his previously entered plea of "not guilty" and entered a plea of guilty to Count 4, attempted tampering with evidence, a felony of the fourth degree.  The plea was entered with no jointly recommended sentence, with both the State of Ohio and Appellant's counsel reserving the right to argue an appropriate sentence at the sentencing hearing.

**{¶3}**   During the plea hearing, the court informed Appellant that a felony of the fourth degree carried a maximum prison term of 18 months and a fine of up to $5,000, with the possibility of up to two years of optional post-release control.  *Plea Tr.*, pp. 3, 5.  Prior to the change of plea hearing, Appellant signed a written plea form and a waiver of rights and notification.  At the plea hearing, the court conducted a thorough and proper Crim. R. 11 colloquy.  The court also went over the previously executed forms.  Appellant

and his counsel confirmed Appellant understood the charge against him, the maximum penalties involved – including post-release control. Appellant's trial counsel, Zachary Tabler, affirmed that Appellant's plea was made knowingly, intelligently, and voluntarily. *Plea Tr*. pp. 4-5.

{¶4} The factual basis for the charges and plea involved an incident on September 23, 2024, in Muskingum County, where the Appellant, a passenger in a green pickup truck involved in a collision, attempted to remove the license plate from the vehicle to avoid identification after it struck a van and dragged the victim. The trial court accepted the Appellant's guilty plea, ordered a presentence investigation, and continued bond as previously set. Appellant's request to amend bond for release to Cairn Recovery Resources was denied.

{¶5} Prior to sentencing on January 27, 2025, Appellant sought to withdraw his guilty plea, alleging he was misled by counsel into believing he would be released to Cairn Recovery Resources, and citing a perceived conflict of interest due to his counsel's prior association with his former attorney, Keith Edwards. The court denied this motion finding no conflict of interest existed and the court affirmed the voluntary nature of his plea. At sentencing, the court noted the Appellant's extensive criminal history, including prior felonies such as aggravated robbery, burglary, and domestic violence, as well as a 60-month prison term in 2017. Appellant acknowledged his prior record but denied tampering with the license plate in the instant matter.

{¶6} Counsel filed the instant brief and request to withdraw stating "counsel has carefully examined the facts and matters contained in the record on appeal and has researched the law in connection therewith and has concluded that the appeal does not

present a nonfrivolous legal question. In reaching this conclusion, counsel has thoroughly read the record and has examined the record for any arguable violations of the Constitution, Ohio statutes, the Ohio Rules of Criminal Procedure, the Ohio Rules of Evidence, and the Ohio Sentencing Guidelines."

## STANDARD OF REVIEW

{¶7}    The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Anders*, at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8}    On March 19, 2025, Attorney Chris Brigdon, appellate counsel for Appellant, filed an *Anders* brief and moved to withdraw. Attorney Brigdon states that he has reviewed the original court file, the transcripts of all proceedings, has reviewed the applicable law and can find no error committed by the trial court prejudicial to the rights of Appellant that would support an appeal. Attorney Brigdon requests that this Court review the transcript of proceedings and the case file to determine whether any possible

error exists. On April 1, 2025, via Judgment Entry, this Court informed Appellant that the Court received notice that an *Anders* brief had been filed on his behalf, and that he was supplied with a copy thereof. That same Judgment Entry granted Appellant sixty (60) days from the date of the Entry to file a pro se brief in support of his appeal. Appellant has not filed a pro se brief. The State has also not filed a responsive brief.

{¶9} The record establishes that Appellant's counsel satisfied the *Anders* requirements. Accordingly, we will proceed to review the findings of the trial court to determine if any arguably meritorious issues exist keeping in mind that:

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2d Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶4 (2d Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

{¶10} The Notice of Appeal filed on Appellant's behalf dated July 25, 2024, states that he is appealing the Judgment Entry entered in the trial court on July 22, 2024, but no potential or proposed assignments of error are asserted. Likewise, there are no proposed assignments of error in Attorney Brigdon's *Anders* brief, other than stating there are no nonfrivolous issues for appeal.

**{¶11}** Here, after independently reviewing the entire record, we conclude that Appellant's guilty plea was knowingly, voluntarily, and intelligently made. The written plea form was signed by all parties. During the change of plea hearing, the prosecution outlined the charge to which the Appellant would plead guilty to (Count 4), attempted tampering with evidence and Appellant understood the charges. The trial court fully complied with the constitutional requirements of Crim. R. 11 and substantially complied, or more than substantially complied, with the non-constitutional requirements. Appellant was represented by counsel, was informed that this felony carried a maximum prison term of 18 months and a fine of up to $5,000, with the possibility of up to two years of optional post-release control, all of which the Appellant acknowledged understanding.

**{¶12}** Appellant confirmed he understood the charge and penalties, and his counsel, Zachary Tabler, affirmed that the plea was made knowingly, intelligently, and voluntarily. Appellant denied being under the influence of alcohol, drugs, or medication, and confirmed satisfaction with his counsel's advice and assistance. Thus, there is no nonfrivolous issue for appeal regarding Appellant's guilty plea.

**{¶13}** Similarly, there is no nonfrivolous issue for appeal concerning the Appellant's sentence. The record reveals near-maximum sentence was justified by Appellant's criminal history and the offense's impact. The sentencing entry states it considered the principles and purposes of sentencing as set forth in R.C. 2929.11 as well as the seriousness and recidivism factors set forth in R.C. 2929.12. Given that the court followed Ohio sentencing law and imposed a sentence supported by the evidence and statutory considerations, there are no nonfrivolous issues to present resulting from sentencing.

## CONCLUSION

{¶14}  After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We therefore find the appeal to be wholly frivolous under *Anders*.  Attorney Brigdon's motion to withdraw as counsel for Appellant is hereby granted.  The judgment of the Muskingum County Court of Common Pleas, Criminal Division, is affirmed.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.