[Cite as *State v. Chandler*, 2025-Ohio-3124.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2024-0120 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-394 |
| KYMM V. CHANDLER, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: August 28, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Appellate Judges

**APPEARANCES:** JOSEPH PALMER, Assistant Prosecutor for Plaintiff-Appellee; APRIL CAMPBELL, for Defendant-Appellant.

OPINION

*Baldwin, P.J.*

**{¶1}**   The appellant, Kymm V. Chandler, appeals his convictions and sentence on one count of Trafficking in Cocaine and one count of Endangering Children. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}**   On June 27, 2024, the Muskingum County Grand Jury indicted the appellant on one count of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), one count of Endangering Children in violation of R.C. 2919.22(A), and one count of Illegal Manufacture of Drugs in violation of R.C. 2925.04(A).

**{¶3}** On September 30, 2024, the State dismissed one count of Illegal Manufacture of Drugs in violation of R.C. 2925.04(A). The appellant entered a plea of guilty to one count of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1) and one count of Endangering Children in violation of R.C. 2919.22(A) pursuant to a plea agreement. The trial court sentenced the appellant to six years in prison.

**{¶4}** The appellant filed a timely notice of appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel sets forth the following potential assignment of error:

**{¶5}** "I. THE TRIAL COURT ERRED IN ACCEPTING CHANDLER'S GUILTY PLEAS UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

**{¶6}** The State of Ohio failed to file a brief in this matter.

## STANDARD OF REVIEW

**{¶7}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, the appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id*. at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the

appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶8} Attorney April Campbell, counsel for appellant, moved to withdraw on March 26, 2025, pursuant to *Anders*, informing this Court that she had conscientiously examined the case, reviewed the entire record, searched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal, and certified that she provided a copy of the Appellant's *Anders* Brief, along with copies of the relevant transcripts, to the appellant.

{¶9} In addition, the Court informed the appellant in a September 11, 2024, Judgment Entry that the Court received notice that he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy; and, granted the appellant sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant has not filed a pro se brief.

{¶10} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for

reversal.' *State v. Pullen*, 2002-Ohio-6788, ¶4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶16-17 (2nd Dist.).' *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.)." *State v. Reynolds*, 2024-Ohio-1956, ¶10 (5th Dist.).

## ANALYSIS

### *First Potential Assignment of Error*

{¶11} The appellant's counsel submits as a potential assignment of error that "the trial court erred in accepting Chandler's guilty pleas under Crim.R. 11[.]" We disagree.

{¶12} Our review of the record confirms that the trial court fully complied with Crim.R. 11 when it accepted the appellant's guilty plea, engaging in a thorough colloquy with the appellant regarding his change of plea to guilty. The trial court advised the appellant of the constitutional rights he was giving up by pleading guilty, and informed him regarding maximum potential penalties, including the fact that by pleading guilty he was subject to a mandatory prison sentence and post-release control. The trial court questioned the appellant to determine whether his plea was validly entered, and determined it was.

{¶13} Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's guilty plea.

### *Second Potential Assignment of Error*

{¶14} The appellant's counsel also submits as a potential assignment of error that the trial court "erred in sentencing" the appellant. We disagree.

**{¶15}** R.C. 2953.08 governs appeals claiming a violation of felony sentencing guidelines. R.C. 2953.08(G)(2) describes this court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or division(I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶16}** A sentencing is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 2019-Ohio-4209, ¶36 (12th Dist.). We have reviewed the record and found that the trial court fulfilled those requirements as it imposed the sentence, so we find no error.

## CONCLUSION

{¶17} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

{¶18} Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.