**[Cite as *State v. Grant*, 2023-Ohio-4614.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P. J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0023 |
| JOSHUA A. GRANT | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2022-0370

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:       December 14, 2023

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

RON WELCH                                      CHRIS BRIGDON
PROSECUTING ATTORNEY                            8138 Somerset Road
27 North Fifth Street                          Thornville, OH 43076
Box 189
Zanesville, OH 43702

*Gwin, P.J.*

{¶1} This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by counsel for Defendant-appellant Joshua D. Grant [Grant] after his convictions and sentences following a negotiated *Alford* plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On August 11, 2022, Grant was indicted in Muskingum County Court of Common Pleas Case Number CR2022-0370 for five counts of Rape, felonies of the first degree in violation of R.C. 2902.02(A)(2); one count of Attempted rape, a felony of the second degree in violation of R.C. 2923.02(A) / 2907.02(A)(2); and one count of Gross Sexual Imposition, a felony of the fourth degree in violation of R.C. 2907.05(A)(1).

{¶3} On February 13, 2023, Grant entered *Alford* pleas to amended counts one, three and five, and to count four of the indictment, all charging Grant with Gross Sexual Imposition, felonies of the fourth degree in violation of R.C. 2907.05(A)(1). T., *Change of Plea,* February 13, 2023 at 3-4; Docket Entry Nos. 29; 31.

{¶4} On April 12, 2023, the state filed a motion to dismiss Counts Two, Six and Seven of the Indictment. [Docket Entry No. 34]. On April 13, 2023, the trial court granted the state's motion to dismiss. [Docket Entry No. 35].

{¶5} On March 20, 2023, Grant came before the court for sentencing. However, during the hearing the trial court inquired why only sexual contact was charged when the allegations were more serious. Sent. T., March 20, 2023 at 14-15. Further, the trial court noted that they had no statement from the victim or family in the PSI. Id. The trial judge inquired of Grant some of the specific facts related to the case and a previous allegation

made by the victim. Id. at 16-19. After hearing the responses, the trial judge determined that he was not prepared to move forward on the sentencing that day. Id. at 19.

{¶6} On April 10, 2023, Grant returned to court for sentencing. The trial judge-imposed sentences of 18 months on each of counts 1,3,4,5 to run consecutive to one another for an aggregate prison term of 72 months.

*Proposed Assignment of Error*

{¶7} Grant's attorney has set forth one Proposed Assignment of Error,

{¶8} I. THERE IS NOT A NONFRIVOLOUS ISSUE REGARDING THE DEFENDANT'S CONVICTION OF COUNTS 1,3,4, AND 5 AND THE SUBSEQUENT SENTENCING."

{¶9} Grant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Grant that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from August 7, 2023 to file a pro se brief. *Judgment Entry*, filed Aug. 7, 2023. Grant has not filed a pro se brief.

**Standard of Review - *Anders v. California***

{¶10} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine

if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶11} *"Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2nd Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4; *State v. Marbury,* 2nd Dist. Montgomery App. No. 19226, 2003-Ohio-3242, ¶ 7-8; *State v. Chessman,* 161 Ohio App.3d 140, 829 N.E.2d 748, 2005-Ohio-2511 (2nd Dist.), ¶ 16-17 (quoting the same)." *State v. Moore*, 2nd Dist. Greene App. No. 07-CA-97, 2009-Ohio-1416, ¶4.

### The *Alford* Plea

{¶12} An *Alford* plea is a plea of guilty with a contemporaneous protestation of innocence. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A court may accept an *Alford* plea if the following requirements are met:

> Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5)

defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971), paragraph one of the syllabus. In order to trigger the more detailed Criminal Rule 11 colloquy as required by an *Alford* plea, there must be a written affirmative assertion of an Alford notation on the plea form and some affirmation to the trial court of an *Alford* plea. *State v. Evans*, 5th Dist. Licking No. 2020 CA 00039, 2021-Ohio-829.

{¶13} In the case at bar, Grant's written plea is titled "Alford Plea." [Docket Entry No. 29]. During the change of plea hearing, there was an affirmation to the trial judge that Grant was entering an *Alford* plea. T., *Change of Plea,* February 13, 2023 at 3;16. The prosecutor informed the trial judge and the parties of the facts underlying the amended charges to which Grant was entering his plea. Id. at 12-15.

{¶14} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474(1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶7.

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist with respect to whether Grants' Alford plea was made knowingly, intelligently, and voluntarily.*

{¶15} Evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 854(1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758-1759, 60

L.Ed.2d 286, 293(1979); *State v. Dennis*, 79 Ohio St.3d 421, 425, 1997-Ohio-372, 683 N.E.2d 1096, 1102(1997). In the case at bar, we note a written plea of guilty form was signed by Grant and his attorney, and filed in this case. Grant's attorney acknowledged to the trial judge that Grant read the plea forms, and he believes that Grant was moving forward knowingly, intelligently and voluntarily. T., *Change of Plea,* February 13, 2023 at 5.

{¶16} The trial judge explained to Grant his right to a jury trial. T., *Change of Plea,* February 13, 2023 at 10. The trial judge further explained Bales' right to the confrontation of witnesses against him; the compulsory process for obtaining witnesses in his favor; that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and that the defendant cannot be compelled to testify against himself. Id. at 10-11. The judge also explained the maximum penalties involved, which included an advisement on post-release control. Id. at 5-6; 7-8. The judge informed Grant that he would be found to be a Tier I sex offender for registration purposes. Id. at 6.

{¶17} The record demonstrates the trial court very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial court conducted a complete and thorough colloquy. Grant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

{¶18} The record supports a conclusion that the plea was properly entered and accepted. The record supports that as originally charged Grant was facing a potential maximum sentence of approximately ninety-six years for felonies of the first and second

degree. By pleading to the amended charges, Grants exposure was reduced to six years.

{¶19}  The record affirmatively discloses that: (1) Grant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) Grant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both.

{¶20} Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Grant's guilty plea was made knowingly, intelligently, and voluntarily.

**Sentence**

{¶21}  Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." Id. It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Id. Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39; *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10.

**{¶23}** The Ohio Supreme Court has recently spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. In *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, --- N.E.3d ---, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."

**{¶24}** "[N]o statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences" nor does Crim.R. 32(A)(4) require a trial court "to give reasons supporting its decision to impose consecutive sentences." *State v. Bonnell*,

140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27.

**Issue for appellate review:** *Whether the record reflects any arguably meritorious issues exist with respect to whether Grant's sentence is contrary to law.*

{¶25} In the case at bar, the trial judge reviewed the pre-sentence investigation report. Sent. T., Apr. 10, 2023 at 10. The trial judge reviewed letters submitted on Grant's behalf, considered Grant's age, lack of criminal history, and his family. Id. at 7-9; 10. The trial judge heard arguments from the prosecutor and from Grant's attorney. Grant also made a statement before the judge imposed the sentence. Id. at 9-10.

{¶26} The trial judge found Grant to be unremorseful. Id. at 10. He found the victim's account to be more credible than Grant's denials. Id. The judge detailed the abuse Grant inflicted multiple times upon his minor victim. Id. at 10-11.

{¶27} The trial judge found consecutive sentences were necessary to protect the public from future crime and to punish this offender. The trial court further found that consecutive sentences are not disproportionate to the seriousness of Grant's conduct and to the danger he poses to the public. Id. at 12. Further, the judge found that the harm caused by at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed as part of any courses of conduct adequately reflects the seriousness of Grant's conduct. Id.

{¶28} In this case, the record does support a conclusion that the trial judge made all of the findings required by R.C. 2929.14(C)(4) at the time he imposed consecutive sentences.

**{¶29}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4).

**{¶30}** Thus, after independently reviewing the record we find no arguably meritorious issues exist with respect to whether Grant's sentence was contrary to law.

## Conclusion

**{¶31}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

**{¶32}** Attorney Chris Brigdon's motion to withdraw as counsel for Appellant is hereby granted.

{¶33} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur