[Cite as *State v. Kehl*, 2024-Ohio-1679.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2023 CA 0030 |
| | : | |
| JESSE KEHL | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No, 2022 CR
0713 N

JUDGMENT:                              AFFIRMED

DATE OF JUDGMENT ENTRY:        May 1, 2024

APPEARANCES:

For Plaintiff-Appellee:                              For Defendant-Appellant:

JODIE SCHUMACHER                              DARIN AVERY
RICHLAND COUNTY PROSECUTOR        105 Sturges Ave.
                                                          Mansfield, OH 44903
MARTIN I. NEWMAN
38 South Park Street
Mansfield, OH 44902

*Delaney, P.J.*

{¶1} Defendant-Appellant Jesse Kehl appeals the May 10, 2023 sentencing entry of the Richland County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On October 6, 2022, the Richland County Grand Jury indicted Defendant-Appellant Jesse Kehl on the following charges: (1) illegal use of minor or impaired person in nudity-oriented material or performance, a second-degree felony in violation of R.C. 2907.323(A)(2) and (B); (2) abduction, a third-degree felony in violation of R.C. 2905.02(B) and (C); (3) abduction, a third-degree felony in violation of R.C. 2905.02(B) and (C); (4) gross sexual imposition, a fourth-degree felony in violation of R.C. 2907.05(A)(1) and (C)(1); and (5) gross sexual imposition, a fourth-degree felony in violation of R.C. 2907.05(A)(1) and (C)(1). Appellant entered a not guilty plea to the charges.

{¶3} Appellant filed a written plea of not guilty by reason of insanity and requested the trial court for a competency evaluation. The trial court held a hearing on the motion and on February 15, 2023 via written judgment entry, found Appellant competent to stand trial.

{¶4} After the competency hearing, Appellant entered a change of plea. On February 13, 2023, Appellant changed his plea to guilty for Counts One, Four, and Five and the State dismissed Counts Two and Three. The trial court conducted the plea colloquy and accepted Appellant's plea of guilty to Counts One, Four, and Five. At the plea hearing, the State outlined the allegations against Appellant that were based on a course of conduct that occurred over a year's time. In October 2021, it was discovered

that Appellant had a picture of his minor daughter in a state of partial nudity on his cell phone. Appellant claimed that he had taken a picture of a picture from the child's phone and intended to confront her with it; however, Appellant never discussed the photo with the child. During the investigation of the picture, the child said when she had visitation with Appellant, she would wake up to Appellant wrapping around her and grabbing her breasts while masturbating. The child was thirteen years old when this occurred. The child also alleged that Appellant held her against the wall when she tried to escape him, holding her in place until he finished masturbating. The trial court ordered a pre-sentence investigation report and scheduled for sentencing on March 13, 2023.

{¶5} After two continuances, sentencing was held on May 4, 2023. The trial court noted at the start of the hearing that it had reviewed the pre-sentence investigation report, the neuropsychological assessment, a psychological sentencing evaluation, and a victim impact statement provided by the guardian of the victim. (T. 59).

{¶6} Appellant had been on electronic monitoring during the case and maintained full-time employment. (T. 60). Counsel for Appellant reviewed his mental health diagnoses, which included major depressive disorder, generalized anxiety disorder, panic disorder, PTSD, dissociative identity disorder, and an alcohol disorder in remission. (T. 60). Appellant was in counseling and treatment. (T. 61). He had no prior criminal history, other than juvenile court issues that did not result in an adjudication of delinquency. The pre-sentence investigation report scored him at 12 for SAQ, which is a low supervision level. (T. 62). Counsel argued Appellant would be a candidate for community control that would permit Appellant to continue his mental health and

substance abuse treatment. (T. 63). Appellant spoke and stated only that he hoped his daughter was okay.

{¶7}   The victim's mother made a statement and she read a letter from the victim. The victim's grandmother also made statement. (T. 66-69).

{¶8}  The trial court moved on to sentencing. It first designated Appellant a Tier I sex offender. (T. 73). The trial court then reviewed its consideration of the seriousness and recidivism factors. It first noted that the psychological and physical injury Appellant caused to his daughter was made worse because he was her father, and she was only thirteen years old. (T. 74). The trial court remarked that Appellant did not show remorse or apologize for his actions; he stated that he hoped his daughter was okay. (T. 75). Appellant had said that he intended to speak to his daughter about the picture on her phone, but the trial court stated that Appellant never did speak with his daughter about the picture, nor did he delete the picture of his daughter on his phone. (T. 75). The picture was the basis of Count One, illegal use of minor or impaired person in nudity-oriented material or performance, a second-degree felony. The trial court stated:

> Now that's the felony of the second degree. That's the harsh one. And I'm kind of perplexed by that, because, really, in the grand scheme of these acts, that's not the worst thing you did. How our legislature ever came up with that being an F-2 as opposed to what you did after the fact. On two separate occasions, you laid naked in bed next to your daughter, fondling her buttocks, putting your hands on her inner thighs and masturbating. How is that not a worse offense? And yet our legislators sit there and make that a felony of the 4th degree.

(T. 75-76).

{¶9} The trial court sentenced Appellant to six years in prison on Count One, an eighteen-month prison term on Count Two to run consecutive to the prison term in Count One, and an eighteen-month prison term on Count Five to run concurrently with the other counts. (T. 79). The aggregate minimum sentence was seven and one-half years to a maximum of ten and one-half years in prison. The trial court noted that consecutive sentences were necessary to protect the public from future crime or to punish the offender. They were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and because at least two of the multiple offenses were committed as part of one or more course of conduct and the harm caused by two or more multiple offenses is so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflected the seriousness of the offender's conduct. (T. 79-80). The sentencing entry was filed on May 10, 2023.

{¶10} It is from this sentencing entry that Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶11} Appellant raises one Assignment of Error:

I. THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW.

## ANALYSIS

{¶12} In his sole Assignment of Error, Appellant contends the trial court's imposition of consecutive sentences was contrary to law. We disagree.

{¶13} Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find

that "the consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39; *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10.

{¶15} An appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support the findings. The Ohio Supreme Court has recently spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. *State v. Grant*, 5th Dist. Muskingum No. CT2023-0023, 2023-Ohio-4614, 2023 WL 8716601, ¶ 23. In *State v. Gwynne*, 2023-Ohio-3851, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Grant* at ¶ 23.

{¶16} Appellant raises two arguments that the trial court's consecutive sentence findings were not clearly and convincingly supported by the record. He first argues that consecutive sentences are disproportionate to the seriousness of Appellant's conduct. Appellant points this Court to the trial court's statement at sentencing regarding the difference between the felony sentencing structure for a charge of illegal use of minor or impaired person in nudity-oriented material or performance, which is a second-degree felony, and a charge of gross sexual imposition, which is a fourth-degree felony. He contends the trial court stated on the record that Appellant's conduct as to the gross sexual imposition was more serious than Appellant's conduct related to the picture of his semi-nude daughter found on his cell phone. A review of the trial court's statement in context shows it was questioning the Ohio General Assembly's determination of the felony sentencing structure while recognizing that the role of judiciary is not to legislate but to enforce the legislature's felony sentencing schema. On the second-degree felony,

the trial court sentenced Appellant within the statutory range. On the fourth-degree felonies, the trial court sentenced Appellant within the statutory range. The trial court then applied the required constructs of R.C. 2929.14(C)(4) and found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct, which included taking and keeping a semi-nude photograph of his minor daughter on his cell phone and engaging in sexual acts with her, and to the danger the offender poses to the public.

{¶17} Appellant next argues the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b). R.C. 2929.14(C)(4)(b) requires the trial court find before imposing a consecutive sentence that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." Appellant argues there was no evidence that Appellant's possession of the semi-nude photograph of his minor daughter was committed as part of the course of conduct that involved Appellant's two acts of gross sexual imposition against his minor daughter. At the change of plea hearing, the trial court heard the State's recitation of the allegations against Appellant. Before sentencing, the trial court stated it had reviewed the pre-sentence investigation report, the neuropsychological assessment, a psychological sentencing evaluation, and a victim impact statement provided by the guardian of the child. It heard the statements from the child's mother, child's grandmother, and a letter from the child. The trial court had the information detailing Appellant's course of conduct in committing multiple offenses

towards his daughter and the harm caused as described by the child and her family. In this case, we find there was clear and convincing evidence to support the trial court's finding that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶18} The record in this case supports the trial court's imposition of consecutive sentences under R.C. 2929.14(C). Appellant's sole Assignment of Error is overruled.

## CONCLUSION

{¶19} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Wise, J., concur.