[Cite as *State v. Aladwan*, 2025-Ohio-2017.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| HAYAT ALADWAN, | : | Case No. 24 CAA 10 0094 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Delaware County
Court of Common Pleas, Case No.
24 CRI 02 0094

JUDGMENT: Affirmed

DATE OF JUDGMENT: June 5, 2025

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
KATHERYN L. MUNGER
Delaware County Prosecuting
  Attorney's Office
145 N. Union St., 3rd Floor
Delaware, OH  43015

For Defendant-Appellant

DONALD GALLICK
Law Office of Donald Gallick, LLC
190 North Union St., #102
Akron, OH  44304

*Montgomery, J.*

**{¶1}** This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Donald Gallick, appellate counsel for Defendant-Appellant Hayat Aladwan ("Appellant"). After a jury trial in the Delaware County Court of Common Pleas, Appellant was convicted of robbery. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## FACTS AND PROCEDURAL HISTORY

**{¶2}** The instant matter results from a jury verdict finding Appellant guilty of one count of robbery, a violation of R.C. 2911.02(A), a second-degree felony. The trial court imposed a sentence of 35 days in the county jail, increased to 90 days if she failed to report, as well as community control. At the time of counsel's Motion and Brief, Appellant had not reported.

**{¶3}** On November 7, 2023, Nirav Tank ("Tank") was working at the Macy's store connected to the Polaris mall as an Asset Protection Officer. As such, Tank had access to security cameras that surveilled the store and made video recordings. Tank testified he witnessed Appellant (on video) remove the price tag from a purse and then place that purse inside another shopping bag. Tank also witnessed Appellant put the removed price tag inside a display purse to conceal it. Tank testified that she placed a second shopping bag, an "Express [store] bag" inside the first shopping bag, to cover the purse from view. Appellant then purchased a pair of shoes, but did not purchase the purse in question.

**{¶4}** Appellant exited the store and walked into the connected area of the Polaris shopping mall. Tank confronted Appellant and stated he knew she had a purse concealed in her shopping bag without purchasing it. A scuffle occurred, and Appellant bit Tank on

the arm. Tank testified that Appellant also hit him in the stomach. After recovering the purse, the security personnel found the price tag removed by Appellant.

{¶5} At the conclusion of the State's case in chief, defense counsel moved for acquittal under Crim. R. 29; the trial court denied the motion. Defense counsel then stated she did not have any witnesses to present. The jury returned a verdict of guilty for robbery, a second-degree felony. At the subsequent sentencing hearing, defense counsel presented mitigation factors for the court's consideration including that Appellant's mother passed away in 2021, that Appellant is unemployed, and that she has three older children living at home. Appellant also had an opportunity to speak on her own behalf. Appellant apologized to the Court about removing the price tag from the purse and stated it was wrong. (*Sent. Tr.*, pp. 8-10). The prosecutor informed the Court that Appellant was being investigated for "* * *writing about 63 fake prescriptions at various pharmacies* * *" (*Sent. Tr.,* p. 4). The prosecutor also told the Court that these alleged 63 criminal acts were "* * *uncharged conduct at this point* * *" *Id.* Defense counsel did not object to the prosecutor's statements. The court ultimately sentenced Appellant to community control for two and a half years with 35 days in county jail. Appellant filed a timely appeal.

{¶6} Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and sets forth the following two potential assignments of error:

{¶7} "I. THE STATE FAILED TO MEET THE BURDEN OF PRODUCTION FOR THE COUNT OF ROBBERY BECAUSE THE TESTIMONY DID NOT SHOW A SUFFICIENCY OF THE EVIDENCE OF A ROBBERY OFFENSE."

{¶8} "II. THE PROSECUTOR'S INTRODUCTION OF UNCHARGED CRIMINAL ALLEGATIONS DURING THE SENTENCING HEARING CONSTITUTES PLAIN ERROR AND VIOLATES THE CONSTITUTIONAL RIGHT TO DUE PROCESS AND THE RIGHT TO A JURY TRIAL UNDER THE UNITED STATES CONSTITUTION."

**{¶9}** The Motion to Withdraw and *Anders* Brief, states that counsel has reviewed the entire record, researched potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Gallick requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

### Standard of Review - *Anders v. California*

**{¶10}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶11}** By Judgment Entry filed January 30, 2025, this Court indicated that it had received notice pursuant to *Anders* that Appellant's counsel provided Appellant a copy of the *Anders* appeal brief. In the same Judgment Entry, this Court informed Appellant she may file a pro se brief in support of the appeal within 60 days from the date of the Entry,

i.e., March 30, 2025.  On April 21, 2025, the State of Ohio filed its Appellee's Brief. Appellant has not filed a pro se brief.

**{¶12}** The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we will proceed to review the proposed assignment of error to determine if any arguably meritorious issues exist, keeping in mind that;

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

**{¶13}**  *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).  Here, appellate counsel states that "after an extensive review of the record and current precedent of Ohio's courts, appellate counsel believes there are no non-frivolous issues to present to this Court at this time."  See *Anders* Brief, p. 2.

## First Proposed Assignment of Error

**{¶14}**  "I.  THE STATE FAILED TO MEET THE BURDEN OF PRODUCTION FOR THE COUNT OF ROBBERY BECAUSE THE TESTIMONY DID NOT SHOW A SUFFICIENCY OF THE EVIDENCE OF A ROBBERY OFFENSE."

**{¶15}** Although counsel acknowledges the court is unlikely to overturn the conviction, counsel asserts that Appellant believes she is not guilty of the offense and claims she was charged due to prejudice and/or a misunderstanding.

**Issue for Appellate Review**: *Whether the record contains*

*sufficient evidence to sustain the conviction for robbery.*

{¶16} "The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court." *State v. Woods*, 2022-Ohio-3339 (5th Dist.), ¶ 28, citing *State v. Walker*, 2016-Ohio-8295, ¶ 30. "This naturally entails a review of the elements of the charged offense and a review of the state's evidence." *State v. Richardson*, 2016-Ohio-8448, ¶ 13.

> When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed but, rather, whether the evidence, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.; State v. Pountney*, 2018-Ohio-22.

{¶17} Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. A court of appeals will not disturb a verdict on sufficiency of evidence grounds unless reasonable minds could not reach the same conclusion reached by the trier-of-fact. *State v. Williams*, 2024-Ohio-5578, ¶ 49 (5th Dist.).

{¶18} The elements of robbery, as charged in this case, are set forth in R.C. 2911.02(A)(2). That section states, "(A) No person, in attempting or committing a theft

offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." There was sufficient evidence to support each element of the offense, and that Appellant committed the crime of robbery. Robbery is essentially theft with physical harm or a threat/attempt of physical harm to another. Theft involves depriving another of their property without consent.

{¶19} Here, Appellant's actions were caught on video and that video evidence was shown to the jury. The video evidence was corroborated by witness testimony. Taken together, the evidence demonstrates that Appellant tore off the tag on a purse at Macy's and then concealed the purse in another bag. Appellant then purchased a pair of shoes, did not pay for the purse, and exited the store. Such evidence demonstrates beyond a reasonable doubt that Appellant was the perpetrator, and she intended to deprive Macy's of the property in question. The video further shows that when Tank approached Appellant, she bit his arm – thereby causing or attempting to cause physical harm and satisfying the elements of robbery. Tank testified Appellant also punched him in the stomach. Although Appellant denied biting or punching Tank, the jury believed otherwise.

{¶20} After viewing the evidence in the light most favorable to the prosecution, the record clearly demonstrates that a rational trier of fact could find the essential elements of robbery were proven beyond a reasonable doubt. Thus, after independently reviewing the record, we find no arguably meritorious issues exist with respect to whether the verdict is supported by sufficient evidence. The appellant's first potential assignment of error is, therefore, without merit.

**Second Proposed Assignment of Error**

{¶21} "II. THE PROSECUTOR'S INTRODUCTION OF UNCHARGED CRIMINAL ALLEGATIONS DURING THE SENTENCING HEARING CONSTITUTES PLAIN ERROR AND VIOLATES THE CONSTITUTIONAL RIGHT TO DUE PROCESS AND THE RIGHT TO A JURY TRIAL UNDER THE UNITED STATES CONSTITUTION."

{¶22} At the sentencing hearing, the prosecutor informed the Court that Appellant was being investigated for "* * *writing about 63 fake prescriptions at various pharmacies* * *" (*Sent. Tr.*, p. 4). The prosecutor also told the Court that these alleged 63 criminal acts were "* * *uncharged conduct at this point* * *" *Id.* Counsel believes the prosecutor's comments possibly violate Appellants' due process rights but recognizes that Ohio case law does not consider the due process argument meritorious.

**Issue for Appellate Review:** *Whether the prosecutor's comments*

*about Appellant's uncharged criminal allegations require this court to*

*vacate or modify the sentence.*

{¶23} The appropriate appellate standard of review challenging a felony sentence is set forth in R.C. 2953.08. *State v. Bonnell,* 2014-0hio-3177, ¶ 9; *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). An appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings, or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *Bonnell,* ¶ 28. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence", but not to the extent of such certainty as is required

"beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Marcum,* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶24} When sentencing a defendant, the sentencing court must consider the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. A sentence is contrary to law if, (1) the sentence falls outside the statutory range for the specific offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing. *Marcum*, ¶ 16.

{¶25} Here, although defense counsel did not object to the prosecutor's statements regarding uncharged criminal allegations, counsel presented mitigation factors for the court's consideration including that Appellant's mother became ill with cancer and passed away in 2021, that Appellant is unemployed, and that she has three older children living at home. *Sent. Tr.*, pp. 6-7. Appellant also had an opportunity to speak on her own behalf.

{¶26} The record demonstrates the prosecutor made clear on the record that the uncharged criminal allegations were being investigated but Appellant had not yet been charged at the time of sentencing. *Sent Tr.*, p. 4. "[U]nindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence." *State v. Bundy*, 2005-Ohio 3310 (7th Dist.), ¶ 86, citing *State v. Williams*, 2002-Ohio-503 (8th Dist.). The sentencing transcript reveals the court considered numerous factors in imposing sentence including the pre-sentence investigation report, the prosecutor and defense counsel's arguments, Appellant's own

statement, Appellant's lack of felony criminal history, that Appellant's computerized risk assessment put her at a low risk for reoffending, and that she has her Masters' degree. *Sent. Tr*, pp. 10-11. The record further demonstrates the court considered the principles and purposes of sentencing as required.

{¶27} A felony of the second degree has a presumption of prison, which the State recommended. However, the court ordered community control with only 35 days in county jail. The Court stated as follows:

> After thinking about these things, I'll impose in the case a community control sentence. The community control period will continue for two and a half years starting today. As part of the community control sentence, I'll direct that [Appellant] spend 35 days in the county jail.
>
> *Sent. Tr.*, p. 12.

{¶28} Defense counsel asked if the trial court would grant a stay pending appeal on the jail sentence? The court replied, "I'm probably not inclined to do that. Obviously, this is an extremely lenient sentence for an F2 and so no, I'm not going to stay it." *Id.* at 14. Appellant again asked for "mercy", to which the court replied:

> Well, you had mercy today, believe me. There's a presumption for prison and I did not follow that presumption, so I'm sure your attorney can explain to you. You should have come in today expecting to go to prison from here, that's not happening. So mercy has been shown and mercy is all done, okay.
>
> *Id.* at 18.

**{¶29}** Thus, even if the State improperly addressed uncharged criminal allegations, it clearly did not harm the Appellant. The court repeatedly stated its sentence was extremely lenient. Thus, after independently reviewing the record, we find no arguably meritorious issues exist with respect to whether Appellant's sentence was contrary to law. The appellant's second potential assignment of error is, therefore, without merit.

## CONCLUSION

**{¶30}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Donald Gallick's Motion to Withdraw as counsel for Appellant is hereby granted. The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.