[Cite as *State v. Cullins*, 2025-Ohio-3037.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2024-0137 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0459 |
| MARIBETH CULLINS, | |
| Defendant – Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: August 25, 2025 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

OPINION

*Montgomery, J.*

{¶1}   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April Campbell, appellate counsel for Defendant-Appellant, Maribeth Cullins ("Appellant").   After Appellant pled guilty to telecommunications fraud, theft, possessing criminal tools, and identity fraud, Appellant was convicted and sentenced to an aggregate term of seventeen (17) months imprisonment.   Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## FACTS AND PROCEDURAL HISTORY

**{¶2}** The indictments stemmed from the victim reporting fraud in his checking account due to four fraudulent transactions. Appellant created fraudulent checks with the victim's banking information. The checks were given to another individual, Gheen, who used them to pay rent. Text messages revealed a conversation between Appellant and Gheen in which Appellant stated the check "looks good A-F". *Plea Tr.*, p. 13. Appellant admitted to supplying Gheen with the victim's bank account and routing information. Appellant later admitted to still being in possession of check-making equipment. *Plea Tr.*, p. 14.

**{¶3}** The Court imposed seventeen-month terms for counts one and two (fourth-degree felony telecommunications fraud and fourth-degree felony identity fraud) and eleven-month terms for counts three and four (fifth-degree felony theft and fifth-degree felony possessing criminal tools) and determined the sentences should run concurrently, for a total of seventeen (17) months imprisonment.

**{¶4}** Appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), and sets forth the following "potential" assignments of error:

"I. THE TRIAL COURT ERRED IN ACCEPTING CULLINS' GUILTY PLEAS UNDER CRIM. R. 11 AND ERRED IN SENTENCING HER."

**{¶5}** The Motion to Withdraw and Anders Brief, states that counsel has reviewed the entire record, researched potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Campbell requests that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

## STANDARD OF REVIEW - *Anders v. California*

{¶6} In Anders, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.*

{¶7} Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} By Judgment Entry filed April 24, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Campbell provided Appellant a copy of the *Anders* appeal brief. In that same Judgment Entry, this Court informed Appellant she may file a pro se brief in support of the appeal within 60 days from the date of the Entry. Neither the State of Ohio nor Appellant has filed any brief in Response to counsel's *Anders* brief.

{¶9} The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignment of error to determine if any arguably meritorious issues exist, keeping in mind that:

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

{¶10} *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## POTENTIAL ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ACCEPTING CULLINS' GUILTY PLEAS UNDER CRIM. R. 11 AND ERRED IN SENTENCING HER.

{¶11} Here, after independently reviewing the entire record, we conclude that Appellant's guilty plea was knowingly, voluntarily, and intelligently made. The written plea form was signed by all parties. During the change of plea hearing, the prosecution fully outlined the charges to which the Appellant would plead guilty to, and Appellant understood the charges. The Court fully complied with the constitutional requirements of Crim. R. 11 and substantially complied, or more than substantially complied, with the non-constitutional requirements. The Court informed Appellant regarding the maximum potential penalties and Appellant indicated that she understood those penalties and understood the rights she was giving up in exchange for her guilty plea. *Plea Tr.*, p. 12. Appellant was represented by counsel, indicated she was satisfied with her representation, and further understood that the court does not have to follow the joint sentence recommendation. *Plea Tr.*, pp. 8-10. Thus, there is no non-frivolous issue for appeal regarding Appellant's guilty plea.

**{¶12}** Similarly, there is no non-frivolous issue for appeal concerning the Appellant's sentence. The Court imposed a sentence well within the statutory parameters for each offense and determined the terms should run concurrently. The sentencing entry states it considered the record, all statements, any victim impact statement, and the plea recommendation. It further stated it considered the principles and purposes of sentencing as set forth in R.C. 2929.11 as well as the seriousness and recidivism factors set forth in R.C. 2929.12. The sentencing hearing transcript supports the findings stated in the Entry. Given that the court followed Ohio sentencing law and imposed a sentence supported by the evidence and statutory considerations, there are no non-frivolous issues to present resulting from sentencing.

## <u>CONCLUSION</u>

{¶13}  After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  We therefore find the appeal to be wholly frivolous under *Anders.*  Attorney Campbell's motion to withdraw as counsel for Appellant is hereby granted.  The judgment of the Muskingum County Court of Common Pleas is affirmed.

Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.