[Cite as *State v. Davis*, 2025-Ohio-4384.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 02 0013 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 23 CRI 12 0745 |
| ZACKEYIS DAVIS, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: September 17, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Appellate Judges

**APPEARANCES:** MELISSA A. SCHIFFEL and KATHERYN L. MUNGER, for Plaintiff-Appellee; APRIL F. CAMPBELL and ZACKEYIS DAVIS, Pro Se, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Attorney April Campbell, appointed appellate counsel for Defendant-Appellant, Zackeyis Davis ("Appellant"). Appellant pled guilty to aggravated murder with a firearm specification, and attempted murder with a firearm specification. After filing the notice of appeal, appellate counsel filed the instant Motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

## FACTS AND PROCEDURAL HISTORY

**{¶2}** In December 2023, a Delaware County Grand Jury indicted Zackeyis Davis with seven (7) felony offenses stemming from two separate shootings, one at an

AutoZone in Delaware County and the other at "Mr. Bling Ring," located in Franklin County. Regarding the first incident, Davis and another man named Blakely walked into an AutoZone masked and armed. They demanded the clerk open the cash register. The clerk, who was new, did not know how to open it. When the clerk could not open it, Blakely struck him in the back of his head with his gun. An armed patron with a concealed carry permit sought to intervene and ultimately drew his weapon. Unfortunately, when he did so, Davis shot him multiple times and the patron died. It was later discovered that one of the shots was done at extremely close-range to patron's neck, execution style. The co-defendants fled the scene.

{¶3} The second shooting at issue in this appeal occurred at Mr. Bling Ring located in Franklin County. Davis, masked and armed, got out of the car and approached the store. An employee, having already closed the store, was walking to his car. Davis came around the corner and opened fire. Although the employee was able to get into his car, he was ultimately struck with a bullet in his spine causing permanent paralysis. Appellant was charged with seven (7) felony offenses, he was indicted on those offenses, and he was appointed counsel.

{¶4} After negotiations between Davis' counsel and the State, Davis agreed to enter a plea agreement with the State and plead guilty to (1) aggravated murder with a mandatory three-year firearm specification (Count 2); and (2) attempted murder with a mandatory three-year firearm specification (Count 6). The State agreed to dismiss the remaining five (5) counts in exchange for Davis' plea and further agreed to recommend a life sentence with the possibility of parole, instead of life without parole, for the aggravated murder count.

**{¶5}** The trial court sentenced Davis to an aggregate minimum 46-year to life prison term. For Count Two, the court imposed a life sentence with the possibility of parole after 30 years served, plus the three-year mandatory sentence for the gun specification. Regarding Count Six, Davis received an indefinite sentence of ten years up to a maximum of fifteen years plus the three-year mandatory sentence for the gun specification. The trial court ordered that the sentences run consecutively due to the seriousness of the offenses and the danger Appellant posed to the public.

**{¶6}** Attorney Campbell filed a notice of appeal but later filed the instant brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) and a corresponding Motion to Withdraw. The Motion to Withdraw and *Anders* Brief state that counsel has reviewed the entire record, researched potential issues, and determined that there are no non-frivolous issues to support an appeal. Attorney Campbell requests that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal.

## STANDARD OF REVIEW - *Anders v. California*

**{¶7}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* The *Anders* procedure "permit[s] appellate counsel to represent an indigent client and yet avoid the ethical pitfall of filing a frivolous appeal." *State v. Tsibouris*, 2013-Ohio-3324, ¶ 4 (1st Dist.). Thus, a defendant's right to appeal does not include a frivolous appeal.

*State v. Taylor*, 2015-Ohio-420, ¶ 4 (8th Dist.), citing *Penson v. Ohio*, 488 U.S. 75, 83-84 (1988).

**{¶8}** The *Anders* procedure is designed for cases in which "counsel finds [the] case to be wholly frivolous, after a conscientious examination" of the record. *Anders* at 744. Accordingly, a comprehensive review of the record is a fundamental first step. "Counsel cannot conclude an appeal is frivolous without first conducting a detailed review of the case." *Tsibouris,* at ¶ 6. This detailed review must include a complete review of the case, including all transcripts. *See, Tsibouris*; *In re A.J.F.*, 2018-Ohio-1208, ¶¶ 22-24 (11th Dist.).

**{¶9}** Counsel must also: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Anders* at 744. Once counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶10}** By Judgment Entry filed June 12, 2025, this Court indicated that it had received notice pursuant to *Anders* that Attorney Campbell provided Appellant a copy of the *Anders* brief. In that same Judgment Entry, we informed Appellant he may file a pro se brief in support of the appeal within 60 days from the date of the Entry. On August 20, 2025, Appellant filed a pro se brief asserting two assignments of error.

**{¶11}** That same day, the State of Ohio filed its brief in Response to counsel's *Anders* brief.

**{¶12}** The record establishes that Appellant's counsel satisfied *Anders* requirements. Accordingly, we proceed to review the potential assignments of error to determine if any arguably meritorious issues exist, keeping in mind that:

*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

**{¶13}** *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.); *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## POTENTIAL ASSIGNMENT OF ERROR BY APPELLATE COUNSEL

THE TRIAL COURT ERRED IN ACCEPTING DAVIS' GUILTY PLEAS UNDER CRIM. R. 11 AND ERRED IN SENTENCING HIM.

**{¶14}** Here, after independently reviewing the entire record, we conclude that Appellant's guilty plea was knowingly, voluntarily, and intelligently made. The Honorable Judge Gormley went above and beyond to ensure that Appellant understood every detail at every turn during the plea hearing that occurred on June 18, 2024. The parties executed a Crim. R. 11(F) agreement, Appellant discussed it with counsel, and counsel discussed it with the court at the plea hearing. A written plea form was also signed by all parties. During the change of plea hearing, the State fully outlined the charges for which the Appellant would plead guilty, and Appellant indicated he understood these charges. The Court meticulously presented the maximum potential penalties that could be imposed for each Count, including the 3-year mandatory firearm specification for each Count, and

the fact that said specifications would be "tacked on" at the end of the respective term. The court further explained restitution and other financial sanctions and thoroughly discussed post-release control. Appellant indicated that he understood the penalties and understood that certain matters were mandatory for the court to follow.

{¶15} Similarly, the Court fully complied with the constitutional requirements of Crim. R. 11 and more than substantially complied with the non-constitutional requirements. Appellant clearly indicated that he understood the rights he was giving up in exchange for his guilty plea, including the right to conduct a pre-sentence investigation. Appellant was represented by counsel, indicated he was satisfied with his representation, and understood that the court did not have to follow the joint sentence recommendation but could impose a sentence it deemed appropriate. The court fully discharged its duties prior to accepting Appellant's guilty plea and finding that Appellant's guilty pleas were knowingly, intelligently, and voluntarily made. As such, there is no non-frivolous issue for appeal regarding Appellant's guilty plea.

{¶16} Regarding sentencing, there is no arguable issue to support an appeal. A court reviewing a felony criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). An appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings, or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Bonnell,* 2014-Ohio-3177, ¶ 28.

**{¶17}** Here, the Court imposed a sentence within the statutory parameters for each offense, including a mandatory three-year prison term for the firearm specification for each Count to which Appellant pled guilty. The court determined the prison terms on Counts Two and Six must be served consecutively. Both the sentencing entry and the hearing transcript indicate the court considered the record, all victim impact statements, the plea recommendation, and the applicable statutory law. The court stated consecutive terms were necessary to protect the public from future crime, to punish the offender, and that they are not disproportionate to the seriousness of the offender's conduct or the danger the offender poses to the public. In addition, the crimes were committed as part of a course of conduct, and the harm caused was so great that no single prison term would adequately reflect the seriousness of the conduct. The sentencing hearing transcript supports the findings stated in the Entry. Given that the court followed Ohio sentencing law and imposed a sentence supported by the evidence and statutory considerations, there are no non-frivolous issues to present resulting from sentencing.

## APPELLANT'S POTENTIAL ASSIGNMENTS OF ERROR

**{¶18}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE PRE-SENTENCE MOTION TO WITHDRAW PLEA."

**{¶19}** "II. THE TRIAL COURT ERRED AND DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE."

**{¶20}** Appellant filed a separate pro se brief asserting the above two assignments of error, both of which are wholly without merit. Regarding the first, the transcript from the change of plea hearing reveals that the court accepted Appellant's guilty plea after fully complying with Crim. R. 11, as set forth above. The court then stated: "I accept his pleas of guilty on the charges and make findings of guilty on the pleas. And I gather the parties are looking toward sentencing at this point; is that right?" *Change of Plea Tr.*, at

p. 45. Both attorneys of record replied, "Yes, Your Honor." *Id.* There is no evidence that Appellant or his counsel made any such motion to withdraw his plea before sentencing.

**{¶21}** Even assuming Appellant made such a motion, the trial court did not abuse its discretion in denying it. A trial court's ruling on a presentence motion to withdraw a guilty plea will not be reversed in the absence of an abuse of discretion. *State v. Edwards*, 2023-Ohio-3213, ¶ 3 (3d Dist.). An abuse of discretion is not merely an error of judgment, but implies that the decision was arbitrary, unreasonable, or capricious. *State v. Sullivan*, 2017-Ohio-8937, ¶ 20 (3d Dist.); *State v. Howton*, 2017-Ohio-4349, ¶ 23 (3d Dist.). Here, the court went beyond what Crim. R. 11 requires prior to accepting a guilty plea and explained each detail at every point during the hearing, giving Appellant and his counsel ample opportunity to object or clarify at any time. Appellant understood the elements of the crimes, the penalties that could be imposed, and was given the opportunity for allocution. There is simply nothing in the record to suggest the court abused its discretion. Appellant's first potential assignment of error is overruled.

**{¶22}** In the second potential assignment of error, Appellant claims he was denied effective assistance of counsel under the Sixth Amendment. We disagree. To prevail on an ineffective assistance of counsel argument, Appellant must establish two prongs: first, that his trial counsel's performance fell below an objective standard of reasonable representation involving a "substantial violation" of an essential duty to Appellant. *Mansfield v. Studer,* 2012-Ohio-4840, ¶¶ 58-61 (5th Dist.). This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, Appellant must demonstrate actual prejudice by such

alleged ineffectiveness. In other words, there must be a reasonable probability that *but for* counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, at 691-696. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment. *Strickland*, at 690.

**{¶23}** After reviewing the entire record, there is simply no basis for an ineffective assistance of counsel claim. To the contrary, Appellant's counsel zealously advocated for Appellant such that the State agreed to a massive reduction in charges - from the original seven (7) charges down to only two. In addition, counsel strenuously argued on behalf of Appellant during the sentencing phase to obtain the best possible sentence for Appellant's senseless and horrific actions. Accordingly, Appellant's potential second assignment of error is overruled.

## CONCLUSION

{¶24} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for Appellant is hereby granted. The judgment of the Delaware County Court of Common Pleas is affirmed.

{¶25} Costs to Appellant.

By: Montgomery, J.,

King, P.J. and

Popham, J. concur.